FILED
United States Court of Appeals
Tenth Circuit

**September 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL QUINTANILLA-
DOMINGUEZ, a/k/a Luis F. Lopez-
Montez, a/k/a Cesar Rodriguez,

    Defendant - Appellant.

No. 22-1198
(D.C. No. 1:21-CR-00406-RM-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

The Government indicted Defendant Miguel Quintanilla-Dominguez on one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). Defendant moved to dismiss the indictment. Invoking *Arlington Heights*, Defendant argued the facially neutral § 1326 nevertheless violates the Equal Protection Clause because Congress enacted it with the purpose of discriminating against Latin American

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

immigrants.  *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977).  The district court disagreed and denied Defendant's motion.  The court concluded § 1326 should properly be reviewed under the rational basis test and held it withstood constitutional scrutiny.  Alternatively, assuming *Arlington Heights* applied, the court held Defendant's legislative history evidence was insufficient to show Congress acted with discriminatory intent.  Defendant entered a conditional guilty plea preserving his right to appeal this issue.  Defendant then appealed the district court's denial of his motion to dismiss.  We abated his appeal pending decision in *United States v. Amador-Bonilla*, 102 F.4th 1110 (10th Cir. 2024).

We conclude Defendant's claim is foreclosed by *Amador-Bonilla*.  In *Amador-Bonilla,* we rejected an Equal Protection challenge to § 1326 on the same grounds Defendant asserts here.  We left open the question whether to apply rational basis scrutiny or the *Arlington Heights* framework and held § 1326 satisfies both tests.  *Id*. at 1115.  First, applying the rational basis test, we held the defendant failed to prove no rational basis exists for enacting § 1326.  *Id*. at 1116.  Likewise, Defendant here makes no argument that § 1326 lacks a rational basis.  Second, applying *Arlington Heights*, we concluded the defendant's legislative history evidence failed to show Congress enacted § 1326 with racial malice.  *Id*. at 1118—19.  We see no meaningful difference between Defendant and *Amador-Bonilla*'s evidence.  Accordingly, we are

2

bound by the panel's decision.  The district court's order denying Defendant's motion to dismiss is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge